IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHAUN KIZER                                                                                               PLAINTIFF

V.                                        NO. 4:20-CV-38-BSM-BD

ANDREW SAUL, Commissioner of
Social Security Administration[1]                                                         DEFENDANT

### RECOMMENDED DISPOSITION

This Recommendation has been sent to Judge Brian S. Miller. Either party may file objections if they disagree with the findings or conclusions set out in this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

### I.     Introduction:

On May 20, 2016, Shaun Kizer applied for disability benefits, alleging disability beginning on August 24, 2015. (Tr. at 15) His claims were denied both initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge ("ALJ") denied the application. *Id.* Mr. Kizer requested that the Appeals Council review the ALJ's

---

[1] On June 6, 2019, Andrew Saul became Commissioner of the Social Security Administration. He is substituted, therefore, as the Defendant. FED. R. CIV. P. 25(d)

adverse decision, but that request was denied. (Tr. at 1) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Mr. Kizer filed this case seeking judicial review of the decision denying his benefits.

## II.     **The Commissioner's Decision:**

The ALJ found that Mr. Kizer had not engaged in substantial gainful activity since the alleged onset date of August 24, 2015. (Tr. at 17) At step two of the five-step analysis, the ALJ found that Mr. Kizer had the following severe impairment: Chiari malformation. (Tr. at 18)

After finding that Mr. Kizer's impairments did not meet or equal a listed impairment (Tr. at 19), the ALJ determined that Mr. Kizer had the residual functional capacity ("RFC") to perform work at the light exertional level, with some additional limitations: (1) he could only occasionally reach overhead bilaterally; but (2) he could frequently reach in other directions and handle and finger bilaterally. (Tr. at 19)

The ALJ found that Mr. Kizer was unable to perform any past relevant work. (Tr. at 23) Relying on the testimony of a Vocational Expert ("VE"), the ALJ found, after considering Mr. Kizer's age, education, work experience and RFC, that jobs existed in significant numbers in the national economy that Mr. Kizer could perform, including work price tag ticketer, housekeeper, document preparer, and surveillance monitor. (Tr. at 24) Thus, the ALJ found that Mr. Kizer was not disabled. *Id.*

**III.     Discussion:**

    A. Standard of Review

    In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

    B. Mr. Kizer's Arguments on Appeal

    Mr. Kizer maintains that the evidence supporting the ALJ's decision to deny benefits is less than substantial. Specifically, he argues: the ALJ did not give proper weight to the opinions of two treating providers; the RFC did not incorporate all of his limitations; and the ALJ failed to resolve conflicts between the VE's testimony and the *Dictionary of Occupational Titles* ("DOT"). After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

    Mr. Kizer suffered from pain in his neck, back, and arms as a result of Chiari malformation. Objective imaging, however, did not show serious problems. A 2015 cervical MRI showed no herniation or bulging and no canal stenosis or foraminal

stenosis; there was cerebral ectopia. (Tr. at 389) A 2015 lumbar MRI showed minimal stenosis and minimal nerve root abutment. (Tr. at 386-387) A 2015 thoracic MRI showed Chiari malformation but no disc protrusion or stenosis. (Tr. at 388) Normal clinical findings support an ALJ's decision to deny benefits. *Gowell v. Apfel*, 242 F.3d 793, 796 (8th Cir. 2001).

A 2017 cervical MRI (post-decompression surgery) showed no acute intracranial pathology and stable post-operative changes. (Tr. at 1152) The decompression surgery, performed by Anthony Capocelli, M.D., addressed the Chiari malformation, and Mr. Kizer reported in 2017 that he was doing "reasonably well" and that the surgery had helped relieve his radiating arm pain and shoulder pain. (Tr. at 28-42, 347, 1132) Physical examinations generally showed normal range of motion in the spine and normal gait and station. (Tr. at 355-357, 1091-1117)

Mr. Kizer's course of treatment included pain medication, physical therapy, radiofrequency ablation, and injections. (Tr. at 421-467, 844-866, 1048-1068) These treatments brought relief, but pain returned to some degree. He reported that chiropractic care had really helped. (Tr. at 1079-1082) Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

Mr. Kizer was able to perform many routine daily activities. He was able to do chores, prepare meals, drive, shop in stores, and shower. (Tr. at 38) Such daily activities

4

are inconsistent with claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

Mr. Kizer stated that moving his arms helped with back and neck pain. (Tr. at 42-44) He also reported that Topamax helped with headaches. A 2018 brain MRI showed no abnormalities. *Id.*, (Tr. at 425, 1084-1085)

Dr. Capocelli, a treating provider, filled out a medical source statement opining that Mr. Kizer could perform only sedentary work and could only occasionally reach in all directions. (Tr. at 1036-1037) He further stated that Mr. Kizer would miss three days of work per month due to his medical condition. *Id.* Kristin Thompson, an APRN and treating provider, filled out a similar medical source statement that also limited Mr. Kizer to sedentary work. (Tr. at 1033-1034) The ALJ gave these two opinions little weight, however, after comparing them to other source statements and the balance of the medical evidence. *See Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011) (recognizing that a treating physician's opinion may be discounted and noting the requirement to evaluate the record as a whole).

Dr. Karl Manders, a neurosurgeon who reviewed Mr. Kizer's medical records, opined that Mr. Kizer could perform light work. (Tr. at 817-831) Physician assistant Reino Henderson opined in 2016 that Mr. Kizer could perform light work. (Tr. at 672) This aligned with the Disability Determination Services medical experts who, likewise, found Mr. Kizer capable of performing light work. (Tr. at 92, 108) These opinions were

consistent with the objective imaging results and with Mr. Kizer's improvement with treatment. Notably, Mr. Kizer often reported to Dr. Capocelli and Ms. Thompson that treatment was helping. The ALJ assessed the benign medical record and did not err in discounting the opinions of the two treating providers.

Likewise, the ALJ did not err in formulating the RFC. A claimant's RFC reflects the most he can do despite the combined effects of all credible limitations; and it must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant could perform in a work setting, after giving appropriate consideration to all of his impairments, both severe and non-severe. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996).

The ALJ found that Mr. Kizer's RFC would allow him to perform light work with some postural limitations. This finding is supported by evidence that Mr. Kizer improved after surgery and with subsequent treatment and that he could perform a variety of daily activities. It aligns with the medical opinions cited above suggesting that Mr. Kizer could perform light work.

Mr. Kizer's final argument is that there were unresolved conflicts between the VE's testimony and the DOT. Specifically, he maintains that the jobs identified by the VE did not account for his reaching limitations. He also argues that the mental requirements of those jobs exceeded his abilities. It is true that "before relying on VE

evidence to support a determination that a claimant is not disabled, the ALJ has an affirmative responsibility to ask about any possible conflict between VE testimony and the DOT, and to obtain an explanation for any such conflict." *Renfrow v. Colvin*, 496 F.3d 918, 920-21 (8th Cir. 2007). In this case, the VE volunteered that any possible reaching conflict was resolved by her observations of the jobs she identified over her long career and by her experience, training, and education. (Tr. at 48-50) This explanation was sufficient to resolve any conflict with respect to reaching and overrides Mr. Kizer's argument that he could not perform the reaching requirements of the jobs identified by the VE. See *Newberry v. Saul*, NO. 3:19CV00192-PSH (E.D. Ark., May 6, 2020) (the VE resolved the DOT conflict by testifying that she relied upon her experience and job shadowing). The ALJ considered the VE's explanation and stated in her opinion that the VE testimony was consistent with the DOT. (Tr. at 24)

  Finally, the ALJ found no mental impairments. The record simply did not support a finding of mental limitations. Any alleged impairments properly rejected by an ALJ as untrue or unsubstantiated need not be included in a hypothetical question. *Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001). The ALJ did propose mental limitations in the third hypothetical but was not bound to include those limitations in the RFC when only physical impairments were supported by the evidence. The ALJ did not err at Step Five.

## IV.     Conclusion:

There is substantial evidence to support the Commissioner's finding that Mr. Kizer was not disabled. The ALJ properly evaluated the medical opinions; the RFC incorporated all of Mr. Kizer's credible limitations; and the ALJ met her burden at Step Five. The decision, therefore, should be affirmed and the case should be dismissed, with prejudice.

DATED this 7th day of October, 2020.

_____
UNITED STATES MAGISTRATE JUDGE